UNITED STATES NATIONAL BANK, Respondent, vs. LAKE SUPERIOR TERMINAL & TRANSFER RAILWAY COMPANY, Appellant.

*November 4, 1919—February 10, 1920.*

*Taxation: Special assessment tax certificate: Purchase by county: Action by assignee of county: Limitation of actions.*

Where lands are sold for the purpose of enforcing special assessment liens and are bid in by the county, the certificates of sale when issued are not the property of the county but of the holders of the special assessment certificates; the county being merely a trustee and not an owner within the meaning

of sec. 1182, Stats., which provides a limitation of six years from the day of sale upon all tax certificates except those issued to "and owned by" counties or municipal corporations.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Reversed.*

Foreclosure of a certificate of tax sale covering a parcel of land of 5.90 acres owned by the defendant in the city of Superior. The certificate in question was issued to Douglas county May 19, 1908, on sale of the land by the county treasurer of that county on account of an unpaid special assessment of $1,689 for the paving of a street in front of part of the parcel sold. The paving was done in 1907 and a certificate issued to the contractors therefor September 25, 1907, which certificate was afterward assigned to the plaintiff. The plaintiff brought a personal action December 6, 1913, against the defendant to collect the amount of said contractors' certificate as well as the amount of another certificate issued at the same time against another parcel of land owned by defendant. This action resulted in a judgment of dismissal of the complaint on the ground that the same was barred by sec. 1183, Stats., which provides that no action either at law or in equity shall be maintained on a special improvement certificate of this nature after six years from its date. This judgment was affirmed by this court in 160 Wis. 669, 152 N. W. 459. On the 21st of July, 1915, the county assigned and transferred the tax-sale certificate sought to be foreclosed in this action to the plaintiff on payment of the fees and charges thereon, amounting to forty-six cents, and this action was immediately commenced.

The circuit court held the certificate valid and rendered judgment of foreclosure and sale of the premises, from which the defendant appeals.

*J. A. Murphy* of Superior, for the appellant.

For the respondent there was a brief by *Grace, Hudnall & Fridley* of Superior, and oral argument by *Geo. B. Hudnall.*

The following opinion was filed December 2, 1919:

WINSLOW, C. J.   It is conceded that all remedy by personal action on the contractors' certificate is barred by the provision of sec. 1183, Stats., and that this fact is conclusively determined by the judgment in the former action. The respondent claims, however, that this fact does not in any way affect the lien of the tax-sale certificate, and in support of this position relies upon the analogy of the cases which hold that although the six-year statute of limitations may have run upon a note, still an action may be thereafter maintained to foreclose the lien of a mortgage given to secure the note, because the mortgage is not barred until the lapse of twenty years after its execution.   *Duecker v. Goeres,* 104 Wis. 29, 80 N. W. 91.

We do not decide whether that principle is applicable to the present case nor do we intimate any opinion upon the question, but we shall assume for the purposes of the action that it is.

Upon this assumption the question is, Has the statute of limitations run upon the tax certificate?   Sec. 1182, Stats., provides a limitation of six years from the day of sale upon all tax certificates except upon the tax certificates issued to *and owned by* counties or municipal corporations or their assigns, as to which certificates the limitation does not begin to run until six years from the date of the assignment of the certificate by the county or municipal corporation, not exceeding, however, fifteen years from the date of sale.

The certificate in question was issued to the county, but was it *owned by* the county within the meaning of the law? The word "own" has not always the same meaning.   It is often used to characterize an interest less than absolute ownership.   *Merrill R. & L. Co. v. Merrill,* 119 Wis. 249, 96 N. W. 686; *State ex rel. Marshall & Ilsley Bank v. Leuch,* 155 Wis. 500, 144 N. W. 1122.   Where there is doubt as to the sense in which the word is used the object sought by the statute is the most important consideration.

The object sought in exempting counties from the six-year statute as to all certificates held and owned by them undoubtedly was to protect the public revenues and treasury from danger of depletion by the early running of the statute. Was it intended to protect contractors? We think not. This court has very emphatically held that "in case lands, sold for the purpose of enforcing assessment liens, are bid in by the county, ·the certificates of sale, when issued, are not the property of the county, but of the holders of the special assessment certificates," the county being merely a trustee for such holders and bound to turn over the tax certificates to such holders on surrender by them of their special assessment certificates. *State ex rel. Donnelly v. Hobe,* 106 Wis. 411 (82 N. W. 336) at p. 422.

We see no flaw in the reasoning on which that case was founded. It follows that, while the county nominally held the tax certificate in question, it was in fact the property of the holder of the special assessment certificate and was not owned by the county. · The infinitesimal interest in the way of fees and charges which the county was entitled to receive before it assigned the tax certificate to the contractor or his assigns cannot seriously be considered as vesting any ownership thereof in the county.

The respondent argues that because by sec. 926—137, Stats., it is provided that the contractor or his assigns, after receiving the tax certificate from the county and "within the time limited by law in the case of tax certificates of sale, for other taxes," may demand a tax deed, and because the time limited by law in case of lands bid in by the county for other taxes does not expire till six years from the assignment of the tax certificate by the county, *ergo,* it must be held that the time does not expire in case of special assessment certificates until six years from the assignment of the tax certificate.

This argument ignores the fact that all certificates are barred by sec. 1182 at the expiration of six years from the

date of issue except such as have been issued to and are *owned by* the county. We discover no other exceptions to the six-year limitation; and, having reached the conclusion that the certificate in question was never owned by the county within the meaning of the law, we conclude that the present action was barred by the statute.

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.

The respondent moved for a rehearing.

In support of the motion there was a brief by *Grace, Hudnall & Fridley* of Superior.

In opposition thereto there was a brief by *J. A. Murphy* and *H. G. Pickering,* both of Superior.

The motion was denied, with $25 costs, on February 10, 1920.