FIORINI, Appellant, vs. CITY OF KENOSHA, Respondent.

*May 12—June 20, 1932.*

*L. E. Vaudreuil* of Kenosha, for the appellant.

For the respondent there was a brief by *Roy S. Stephenson,* city attorney, and *Chester D. Richardson,* assistant city attorney, and oral argument by *Mr. Stephenson.*

FOWLER, J.   The plaintiff offers no authority in support of his claim that the depreciation of fixtures and loss of profits are recoverable as damages.   He goes on the general proposition that the damages recoverable in any action are compensation for the injury or loss suffered; claims that when profits are actually lost and depreciation actually suffered as a result of a tenant's being ousted from leased premises, the amounts so lost and suffered can be recovered

from the landlord if they can be proved with reasonable certainty and that they can be so proved in this case; and he assumes that the measure of damages recoverable from the city by a lessee who is compelled to vacate the leased premises in condemnation proceedings is the same as from a landlord who ousts his tenant by breach of the lease.

The case will be treated by taking up in order the assignments of error which are: (1) The rejection of evidence of loss of profits. (2) The rejection of evidence of depreciation in the value of his fixtures. (3) The rejection as an item of damages of his disbursements for rentals as in mitigation of damages. (4) The granting of the judgment of nonsuit.

(1) Loss of profits are held not recoverable or provable in condemnation of an owner's interest. 20 Corp. Jur. p. 782; *Becker v. Phila. & R. T. R. Co.* 177 Pa. St. 252, 258, 35 Atl. 617, 35 L. R. A. 583; *St. Louis, K. & N. W. R. Co. v. Knapp-Stout & Co. Company,* 160 Mo. 396, 61 S. W. 300, 304. If not recoverable by an owner, it is not perceived why they should be recoverable by a lessee. That they are not recoverable by a lessee is held in *Bales v. Wichita Midland R. Co.* 92 Kan. 771, 141 Pac. 1009; *Des Moines Wet Wash Laundry v. Des Moines,* 197 Iowa, 1082, 198 N. W. 486; *Kafka v. Davidson,* 135 Minn. 389, 160 N. W. 1021. Loss of trade by deflection of travel was held in *Voigt v. Milwaukee County,* 158 Wis. 666, 149 N. W. 392, not recoverable by an owner as an element of damages, although receivable in evidence as bearing on the market value of the premises. We are of opinion that there was no error in rejecting evidence of loss of profits.

(2) It is stated in 2 Lewis on Eminent Domain (3d ed.) § 728 (488) that damages to personal property or the expense of removing it cannot be considered in estimating damages for the taking of land by condemnation. That depreciation of a lessee's fixtures is not an element of dam-

age in condemning his leasehold is held in *Des Moines Wet Wash Laundry v. Des Moines, supra; Shipley v. Pittsburg, C. & W. R. Co.* 216 Pa. St. 512, 65 Atl. 1094; *Kersey v. Schuylkill River E. S. R. Co.* 133 Pa. St. 234, 19 Atl. 553; *Ranlet v. Concord R. R. Corp.* 62 N. H. 561; *Bales v. Wichita Midland R. Co., supra.* By these cases, however, the fixtures placed on the premises by the lessee and their value may be shown as affecting the value of the lessee's term. As there was here no evidence offered as to the value of the remainder of the term, and the evidence was offered to establish an item of damages, there was no error in rejecting it.

(3) No condemnation cases are called to our attention in which expenditures in mitigation of damages have been allowed or claimed. In view of the general rule as to the measure of damages in such cases, which is the difference between the values of the property affected before and after the taking, we do not perceive any reason for receiving expenditures in evidence. Expenses of removing personal property cannot be considered. *2 Lewis, Eminent Domain* (3d ed.) § 728 (488); *Ranlet v. Concord R. R. Corp., supra.* Such expenditures not being recoverable, we see no reason why expenditures to secure a new location or to prevent loss of trade should be. All such items of expenditures and depreciation of fixtures and other personal property as well are incident to removal from the premises at end of the term of the lease. No recovery lies for them on expiration of a lease. No more should recovery for them be allowed on termination of occupation caused by condemnation of part of the leased property. What the measure of damages is in condemnation of leaseholds is considered under (4).

(4) Whether the granting of the nonsuit was proper depends on whether any evidence was presented to warrant an allowance of damages. No decision of this court is cited

and we find none directly to the point of the measure of damages in condemnation of a leasehold. The total amount recoverable in case of the condemnation of land is as above stated, the difference between the values of the land affected, considering it as a whole, before and after taking. *Nowaczyk v. Marathon County*, 205 Wis. 536, 238 N. W. 383; *Muscoda Bridge Co. v. Grant County*, 200 Wis. 185, 227 N. W. 863. This measure must cover both the owner's interest and the lessee's interest when there is a lessee. In the only case in this court called to our attention in any way involving the condemnation of a lessee's interest, in which both the landowner's and lessee's interest were covered by one gross award which was apportioned between the two, it was doubted whether separate proceedings against each should be taken and the thought was expressed that such course would be contrary to the statute. *Spaulding v. Milwaukee, L. S. & W. R. Co.* 57 Wis. 304, 14 N. W. 368, 15 N. W. 482. Sec. 32.10, Stats., provides that the "value of each parcel, with the improvements thereon, and of each separate estate therein" shall be determined. This may warrant separate proceedings against owner and tenant if the condemnor sees fit to take them or raises no objection. Such course would seem to subject the condemnor to liability to an assessment of double damages. In other jurisdictions separate proceedings seem to lie against the lessee. In proceedings against the lessee separately in this state, if taken, the measure of damages would clearly seem to be, by analogy to the measure applicable in proceedings against the owner of the whole estate, the difference between the values of the remainder of the leasehold as it existed before and after taking. The measure of these damages has been somewhat differently stated in different jurisdictions. The value of the remainder of the term of the lease is given as one of the bases of determining value in all the decisions, and the difference between that value and the value the remainder

would have had had the condemnation proceedings not been instituted is the measure of damages all the courts aim to apply. Where the whole property is taken the measure of damages has been variously stated as the rental value over the rent reserved (*In re Seventh Ave. & V. St. v. New York*, 196 App. Div. 451, 188 N. Y. Supp. 197); the value of the leasehold over rents payable (*Mason v. Nashville*, 155 Tenn. 256, 291 S. W. 1074); the diminution in value of the leasehold by reason of the taking (*Seattle & M. R. Co. v. Scheike,* 3 Wash. 625, 29 Pac. 217, 30 Pac. 503); the fair market value of the estate taken (*Kafka v. Davidson, supra*). Where a part only of the leased premises is taken, the rule has been variously expressed as the depreciation in the market value of the leasehold caused by the condemnation or value of the unexpired term less rents reserved (*Des Moines Wet Wash Laundry v. Des Moines, supra*); the difference between the fair market value of the entire leasehold and the fair market value of the part not taken (*Kafka v. Davidson, supra*). The rule is stated in 20 Corp. Jur. p. 741, as the difference between the fair market value of the lessee's interest before and after the construction of the improvement, and in 10 Ruling Case Law, p. 136, as the injury to the market value of the leasehold.

From these authorities the rule would clearly seem to be as first above stated. By value is of course meant market value. But as indicated in 10 Ruling Case Law, *supra,* market value is often a difficult thing to establish and wide latitude must be permitted in proving circumstances tending to affect that value. Expert testimony based upon all the circumstances is the accepted and perhaps the only practical method of proving market value in condemnation cases. No such testimony was here offered. The evidence does not show how much of the front of plaintiff's store was taken off by the widening of the street, or that if it be assumed that rental value was wholly destroyed and the whole of the

premises in effect taken, there is no evidence as to the rental value of the premises or that that value was more than the rent payable. There was thus no evidence to warrant an assessment of damages.

*By the Court.*—The judgment of the circuit court is affirmed.