STATE HIGHWAY COMMISSION, Plaintiff and Respondent, v. GRANT and wife, Defendants and Respondents: CRONIN, Defendant and Appellant.

*April 9—May 5, 1959.*

For the appellant there was a brief by *John T. Roethe* and *Thronson, Roethe & Agnew,* all of Edgerton, and oral argument by *John T. Roethe.*

For the respondent State Highway Commission there was a brief and oral argument by *Howard H. Moss* of Janesville, special counsel.

For the respondents Grant there was a brief by *Schubring, Petersen, Sutherland & Axley* of Madison, and oral argument by *R. J. Sutherland.*

BROADFOOT, J.    It is apparent from a reading of the record, from the petition and appeal filed, and from the briefs in this court, that Cronin's main objective throughout this proceeding has been to have a jury determination of the necessity of acquiring the lands in question.   It has been his contention throughout that the lands are being acquired by the city of Janesville and that his constitutional rights have been violated because there has been no such jury determination.

His contention would be correct if the proceeding were by the city of Janesville.   However, the determination of necessity was made by the State Highway Commission pursuant to statutory authority, and the lands to be acquired are to be in the name of the state.   The land acquisition board of the city of Janesville is merely acting for the State Highway Commission pursuant to statutory authority and by its direction.

It is apparent that Cronin's second objective is to secure a separate determination of his rights and a separate award for his damages.   There are no Wisconsin cases in point under the provisions of sec. 83.07, Stats.   However, under other sections of the statutes where there are several interests in lands being acquired for public use, this court has determined that the proper method of fixing the damages to each estate or interest is to determine the total damages in a single award.   The apportionment of the award is not a matter for the appraiser or appraisers but it must be determined in some proper proceeding instituted by the parties

interested in the award. *Fuller v. Town Board,* 193 Wis. 549, 552, 214 N. W. 324; *Fiorini v. Kenosha,* 208 Wis. 496, 500, 243 N. W. 761. Annotations in 69 A. L. R. 1263, and 166 A. L. R. 1211, indicate that is the majority rule throughout the country.

Sec. 83.07 (4), Stats., provides that following the hearing the county judge shall make and file his written *award* in his office. The award is for the benefit of the persons who are named as recipients as their interests may appear. If the recipients cannot agree upon a division of the award there is a provision that the award be apportioned among the recipients by court order after notice to all named recipients. Such a division has not yet been made and no rights of Cronin have yet been determined.

Thus neither of Cronin's objectives can be reached by his appeal to the circuit court from the award by the county judge. If the statute authorized an appeal by Cronin the only result would be a redetermination of the total damages by proceedings in the circuit court.

The right to appeal in any proceeding is governed by statute. As authority for his right to appeal Cronin calls attention to sec. 83.07 (5), Stats., which provides that the landowner may take an appeal to the circuit court. He cites cases from other jurisdictions in which it is held that a tenant for years under a lease is an owner under condemnation statutes. Cases from other states are of no help, as their statutes are different. We must deal here with a construction of the provisions of sec. 83.07 of our own statutes.

Our attention is not called to any definition of the word "landowner" in Wisconsin. In *United States Nat. Bank v. Lake Superior T. & T. R. Co.* 170 Wis. 539, 541, 174 N. W. 923, the following appears:

"The word 'own' has not always the same meaning. It is often used to characterize an interest less than absolute ownership. . . . Where there is doubt as to the sense in

which the word is used the object sought by the statute is the most-important consideration."

Applying that rule to the statute in question it is apparent that it contemplates only an appeal by the landowner from the single award of damages. The rights of the defendants have yet to be determined. Upon the apportionment of the award among the defendants the amount thereof apportioned to the landowners may be substantially reduced. The landowners, therefore, are the ones most interested in the entire award and the statute therefore limits the right of appeal to them.

*By the Court.*—Order affirmed.