DAHIR LANDS, LLC, Plaintiff-Appellant,

v.

AMERICAN TRANSMISSION COMPANY LLC
by its corporate manager ATC Management, Inc.,
Defendant-Respondent.†

Court of Appeals

*No. 2009AP2583. Submitted on briefs August 6, 2010.*
*—Decided November 11, 2010.*

2010 WI App 167

(Also reported in 794 N.W.2d 784.)

† Petition for Review denied 4-12-11.

556

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kim Grimmer* of. *Solheim Billing &· Grimmer, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Katherine Stadler* and *Hannah L. Renfro* of *Godfrey & Kahn, S.C.*, Madison.

Before Higginbotham, Sherman and Blanchard, JJ.

¶ 1. BLANCHARD, J. This case raises the question of the procedural steps that clerks of circuit courts are required to take in order to trigger the deadline for a landowner to appeal a just compensation award issued by a condemnation commission. The narrow issue presented is whether a clerk of circuit court needs to comply strictly with the notice requirements in WIS. STAT. § 32.06(8) (2007-08)[1] in order to commence the sixty-day time limit for an appeal pursuant to WIS. STAT. § 32.06(10).

¶ 2. We conclude that clerks of circuit court must strictly comply with the unambiguous statutory requirements in order to trigger the clock for appeal under WIS. STAT. § 32.06(10). In this case, the clerk of court merely sent a copy of the condemnation commission's award by U.S. mail to an attorney for the landowner, failing to send directly to the landowner itself a copy of the award via certified mail with return receipt requested. This form of notice did not fulfill the clerk's duties for appeal purposes consistent with the terms of § 32.06(8), for purposes of § 32.06(10). Accordingly, we conclude that the circuit court erred in dismissing the landowner's appeal on the ground that the landowner gave notice of his appeal after the statutory deadline had passed. We therefore reverse the judgment of the circuit court and remand.

## BACKGROUND

¶ 3. The relevant facts are not contested. This is a non-transportation condemnation proceeding involving two private parties. American Transmission Company LLC (the condemnor) seeks a high voltage transmission line easement over farmland owned by Dahir Lands, LLC (the landowner).

---

[1] All references to the Wisconsin Statutes are to the 2007–2008 version unless otherwise noted.

¶ 4. The condemnor filed a petition for a condemnation proceeding pursuant to Wis. Stat. § 32.06, which establishes procedures for use in condemnations that do not involve a transportation project. The circuit court assigned the matter to the local condemnation commission.

¶ 5. The commission held an evidentiary hearing on the value of the easement, and issued a written award based on evidence adduced at the hearing. Two days later, on January 16, 2009, the commission filed the award with the clerk of circuit court.

¶ 6. The single issue presented focuses on what occurred following the filing. The required procedural steps are found in Wis. Stat. § 32.06(8).[2] After the commission finishes its administrative work by creating and providing its award, the clerk of court "shall": (1) send notice of the award, including a copy of the award; (2) by certified mail with return receipt requested; (3) to the party seeking condemnation and to the landowner. § 32.06(8).

¶ 7. In this case, on the same day that the clerk of court's office received the commission's award, the clerk's office sent a copy of the award, by U.S. mail, to

---

[2] Wisconsin Stat. § 32.06(8) provides:

Commission hearing. Thereafter [i.e., after a chairperson of the county condemnation commission has been assigned to hold a hearing] the commission shall proceed in the manner and with the rights and duties as specified in s. 32.08 to hear the matter and make and file its award with the clerk of the circuit court, specifying therein the property or interests therein taken and the compensation allowed the owner, and the clerk shall give certified mail notice with return receipt requested of such filing, with a copy of the award to condemnor and owner.

the attorney who had appeared with the landowner at the hearing. The landowner's attorney received the award by U.S. mail on January 20, 2009. It is not contested that the landowner did not directly receive any form of notice from the clerk.

¶ 8. On March 9, 2009, the landowner filed a notice of appeal and appeal of the award in circuit court. On March 11, 2009, an attorney for the landowner emailed an authenticated copy of the appeal to an attorney who had represented the condemnor at the hearing, inquiring whether the attorney would accept service of the notice of appeal on behalf of the condemnor or whether the landowner should serve the condemnor instead. On March 13, 2009, the attorney for the condemnor emailed in brief reply that he was not authorized to accept service of the appeal.

¶ 9. On April 10, 2009, the landowner served an authenticated copy of the appeal on the registered agent of the condemnor by certified mail, and followed this certified mail service with service by a process server on April 14, 2009.

¶ 10. The condemnor moved the circuit court to dismiss the appeal on the grounds that the landowner's appeal was late under WIS. STAT. § 32.06(10),[3] which governs circuit court review of commission awards by

---

[3] WISCONSIN STAT. § 32.06(10) provides in relevant part:

APPEAL TO CIRCUIT COURT. Within 60 days after the date of filing of the commission's award either condemnor or owner may appeal to the circuit court by giving notice of appeal to the opposite party and to the clerk of the circuit court as provided in s. 32.05(10). The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant.

way of "appeal." Section 32.06(10) required the condemnor to serve the landowner with a notice of appeal within sixty days of "the date of filing of the commission's award." The condemnor took the position that the condemnation commission's "filing" of the award occurred on January 16, 2009, the day the clerk of court received the award. Therefore, the condemnor asserted, the deadline for service of the notice of appeal on the condemnor expired on March 17, 2009, well before the earliest date of formal service, April 10, 2009.

¶ 11.   The circuit court granted the condemnor's motion to dismiss on the grounds that the landowner had actual notice of the award and was not prejudiced by defects in the manner in which the clerk transmitted it. The circuit court found that the award had been "filed" under Wis. Stat. § 32.06(8), for purposes of triggering the sixty-day period under § 32.06(10), no later than January 20, 2009, the date on which the landowner's attorney received a copy of the award by U.S. mail. The circuit court dismissed the landowner's appeal as untimely. The landowner now appeals from the judgment dismissing its appeal.

## DISCUSSION

■

¶ 12.   We interpret the terms of Wis. Stat. §§ 32.06(8) and 32.06(10) to construe the statutes in the context of this case, and to apply those determinations to undisputed facts. This raises questions of statutory interpretation and application that we review without deference to the circuit court, although we benefit from the analysis of the circuit court. *Warehouse II, LLC v. DOT*, 2006 WI 62, ¶ 4, 291 Wis. 2d 80, 715 N.W.2d 213 (interpretation and application of a statute is a question of law that we review de novo).

*Plain Language Analysis*

¶ 13.    The purpose of statutory interpretation is to " 'faithfully give effect to the laws enacted by the legislature.' We defer to the policy choices of the legislature and we assume that the legislature's intent is expressed in the statutory language it chose." *Id.*, ¶ 14 (quoting *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110). Therefore, statutory interpretation begins with the language of the statute. *State v. Jensen*, 2010 WI 38, ¶ 14, 324 Wis. 2d 586, 782 N.W.2d 415. If the meaning of the statute is plain, we look no further. *Id.* We interpret statutes reasonably, to avoid absurd results. *Id.* Further, of particular significance to the questions presented here, language of one statute should be interpreted in light of related statutory provisions, attempting to give reasonable effect to every word used. *Kalal*, 271 Wis. 2d 633, ¶ 46.

¶ 14.    There is no dispute that the plain language of Wis. Stat. § 32.06(8) provides that the clerk "shall" send (1) notice directly to the landowner (2) using certified mail with return receipt requested. The question raised is whether the ordinary presumption attaches that the legislature's use of the term "shall" mandates action, and is not merely directory or permissive, for purposes of triggering the time a party has to appeal a condemnation commission's award to the circuit court. *See State v. Stenklyft*, 2005 WI 71, ¶ 33, 281 Wis. 2d 484, 697 N.W.2d 769 (use of "shall" in a statute presumed to be mandatory). The condemnor submits that it does not. For the reasons stated below, we disagree.

*Adequacy of "Substantial Compliance"*

¶ 15. The condemnor's argument is that the clerk's approach here, although not consistent with the plain language of the statute, nevertheless operated to trigger the sixty-day window for appeal to the circuit court because it substantially and adequately fulfilled the purposes of WIS. STAT. § 32.06(8). As part of this argument, the condemnor asserts that the clerk's actions did not prejudice the landowner in light of actual notice to counsel for the landowner, and therefore the landowner's service of its appeal on the condemnor was fatally late under § 32.06(10).

¶ 16. We disagree and conclude that strict compliance with WIS. STAT. § 32.06(8) is required in order to commence the appeal period. Accordingly, we conclude that dismissal was improper because the landowner did not file its appeal beyond the statutory deadline.

¶ 17. We are guided in part by rules of construction specific to the interpretation of eminent domain statutes in evaluating the condemnor's claim that, despite the plain language of WIS. STAT. § 32.06(8), substantial compliance is sufficient. This is because our supreme court has directed that in analyzing whether substantial compliance or strict compliance with a statute addressing a required manner of service is required, "the court should keep in mind the purpose of the statute and the type of action to which the statute relates." *Kruse v. Miller Brewing Co.*, 89 Wis. 2d 522, 528, 279 N.W.2d 198 (1979) (citing *Big Valley Farms, Inc. v. Pub. Serv. Corp.*, 66 Wis. 2d 620, 633, 225 N.W.2d 488 (1975)).

¶ 18. Turning to this specific context, the ability to appeal from an award issued in the administrative phase of a condemnation case, thereby commencing a circuit court action, is viewed as highly critical for those involved. *Landings LLC v. City of Waupaca*, 2005 WI App 181, ¶¶ 6, 12, 287 Wis. 2d 120, 703 N.W.2d 689 (use of procedural requirements as a shield, to allow a landowner's appeal, may be favored over use of the very same procedural requirements as a sword, to prevent consideration of the merits of landowner's appeal).

■

¶ 19. In evaluating the adequacy of a clerk's mere "substantial compliance" with the plain language directions of WIS. STAT. § 32.06(8), it is also important to consider direction from the Wisconsin Supreme Court "that the exercise of the power of eminent domain is an 'extraordinary power' and requires that a rule of strict construction be employed to benefit the owner whose property is taken against his or her will." *Redevelopment Auth. of Green Bay v. Bee Frank, Inc.*, 120 Wis. 2d 402, 409, 355 N.W.2d 240 (1984) (citing *Standard Theatres v. Transp. Dept.*, 118 Wis. 2d 730, 742–43, 349 N.W.2d 661 (1984) and 1 Nichols, EMINENT DOMAIN, §§ 3.213[3] and [4] (rev. 3d ed. 1976)).

¶ 20. The supreme court has quoted the following passage from the Nichols treatise that is referenced above in *Bee Frank*:

"The rule of strict construction applies to the power of the condemnor and to the exercise of such power. It is a rule intended for the benefit of the owner who is deprived of his property against his will. It follows, therefore, that the converse of this rule is also true. Statutory provisions in favor of an owner, such as provisions regulating the remedies of such owner and

the compensation to be paid to him, are to be liberally construed." 1 Nichols, EMINENT DOMAIN, § 3.213[4] (rev. 3d ed. 1976); *See Lenz v. Chicago & Northwestern Railway Co.*, 111 Wis. 198, 206, 86 N.W. 607 (1901).

*Aero Auto Parts, Inc. v. Dep't. of Transp.*, 78 Wis. 2d 235, 241, 253 N.W.2d 896 (1977). The instant case involves a landowner's access to remedies through appeal from a compensation award. Thus, liberal construction in favor of a landowner is called for in addressing the question of whether a clerk's substantial compliance with the notice requirements contained in WIS. STAT. § 32.06(8) is sufficient to trigger a landowner's right to appeal a condemnation award.

¶ 21.  We believe that these rules of construction undermine the condemnor's claim that clerks of circuit court need not comply with each requirement set forth in the plain language of WIS. STAT. § 32.06(8). Section 32.06(8) reflects meaningful legislative choices directing that notice of an award is given to the parties themselves and not to their attorneys, and that certified mail with return receipt requested be used.

¶ 22.  In addition, strict compliance with WIS. STAT. § 32.06(8) is supported by case law that includes an opinion of this court addressing a case in the same procedural posture as this one, *Dairyland Fuels, Inc. v. State*, 2000 WI App 129, 237 Wis. 2d 467, 614 N.W.2d 829.

¶ 23.  In *Dairyland*, the State sought to condemn property for transportation purposes under WIS. STAT. § 32.05 (1997–98). *Id.*, ¶¶ 2, 3. A breakdown occurred when the clerk of court mailed a copy of the award to the parties more than sixty days after the clerk had received it from the condemnation commission. *Id.*, ¶ 3. WISCONSIN STAT. § 32.08(6)(b) (1997–98) created a duty for the clerk to mail a copy of the award, but

provided no specific deadline by which the clerk was to cause a copy of the award "to be mailed to each party in interest." The landowner was effectively prevented from making a timely appeal by the clerk's delay in mailing the award.

¶ 24. The State moved for dismissal of the appeal on the grounds that the appeal was filed late, pursuant to WIS. STAT. § 32.05(10)(a) (1997–98), which gives the parties sixty days from "the date of filing of the commission's award" to file appeals with circuit courts of Just Compensation Awards in transportation cases. *Id.*, ¶ 5.

¶ 25. On appeal, this court concluded that the sixty-day deadline for filing an appeal had to be extended by the length of the delay in the mailing by the clerk, thus saving the appeal. *Id.*, ¶ 2. This conclusion was based on our determination that the sixty-day time limit for filing an appeal must be read in light of the required actions of the clerk. *Id.*, ¶¶ 13–14. The primary policy goals of WIS. STAT. § 32.05(10)(a) (1997–98) (sixty-day deadline needed in order to keep process moving) and WIS. STAT. § 32.08(6)(b) (1997–98) (notice satisfied only when clerk mails and records the award) conflicted. Therefore, we explained:

> In order to harmonize these competing policies, we read the filing requirement to encompass both the commission's obligation to file its award with the circuit court clerk and the court clerk's obligation to mail and record such award. By doing so, we effectuate the legislature's intent to provide notice to the parties that an award has been entered and that an appeal must be timely filed thereafter.

*Id.*, ¶ 14.

567

¶ 26. We also noted that if the clerk's obligations were not enforced, "the recording and mailing requirements carry little force," which could result in the severe consequence of a lost right to appeal through no fault of the landowner. *Id.*

¶ 27. *Dairyland*'s rationale strongly applies here. Non-transportation condemnation cases, such as this one, require certified mail with return receipt requested as proper notice of a commission's award, but the legislature did not consider that safeguard necessary in transportation cases, such as *Dairyland*. This is a clear indication of legislative intent. We need not investigate nor speculate as to the legislature's reasoning in providing this extra level of clarity and protection of rights in cases that do not involve public transportation needs. What matters to our analysis is that it is a legislative choice that favors the arguments made here by the landowner. In *Dairyland*, as in this case, the clerk failed to process the award properly pursuant to WIS. STAT. § 32.06(8), increasing the risk of confusion, costly litigation, and lost property rights.

¶ 28. The condemnor argues that this case is distinguishable from *Dairyland* because in *Dairyland*, the landowner apparently lacked actual notice that the commission had delivered the award to the clerk of court and here it is not disputed that the landowner's attorney became aware of the award when he received a copy in the mail from the clerk.

■■■■

¶ 29. Yet *Dairyland* did not purport to address the question of whether the landowner's actual knowledge that the clerk had received the commission's award at any time before a copy of the award arrived in the mail mattered. *Dairyland* directs that the appeal period is to be deemed triggered only after the clerk has satisfied all

of its duties in handling a just compensation award, and those duties are unambiguous. Moreover, the decision of our supreme court in *Pool v. City of Sheboygan*, 2007 WI 38, 300 Wis. 2d 74, 729 N.W.2d 415, confirms that actual notice is not relevant when the stakes involve the right to commence an action involving one's right to property or compensation for its taking.

¶ 30. In *Pool*, Pool filed a notice of claim and claim against a city, alleging an inverse condemnation on Pool's property without just compensation. *Id.*, ¶ 5. The city sent to Pool, via certified mail, a "notice of disallowance," formally disallowing his claim, and informing him that a six-month statute of limitations for filing a lawsuit on his claim was triggered by the notice. *Id.*, ¶ 6. The following day, Pool's adult daughter, not the claimant, signed the certified mail receipt as the recipient. *Id.*

¶ 31. More than six months later, Pool filed a petition for compensation in circuit court. *Id.*, ¶ 7. The City moved to dismiss the petition as untimely, pursuant to Wis. Stat. § 893.80(1g) (2003–04), because Pool's petition was not filed within six months of purported service on Pool of the city's notice of disallowance of claim. *Id.* Section 893.80(1g) provided if notice of a disallowance of the claim was "served on the claimant by registered or certified mail," no action on a claim could be filed against a defendant after six months from the date of service of the notice of disallowance. *Id.*, ¶ 11.

¶ 32. The circuit court granted the City's motion on the grounds that Pool had actual notice of the disallowance, a fact that Pool did not dispute. *Id.*, ¶¶ 1, 3, 7. Pool did not, however, admit proper service of the disallowance. *Id.*, ¶ 3.

¶ 33. In affirming reversal of the circuit court by this court, our supreme court first emphasized that

"procedural requirements in statutes that provide benefits to one of the parties 'must be strictly complied with in every material particular, or the attempt to obtain the benefits of them will fail.' " *Id.*, ¶ 16 (citation omitted). The supreme court cited opinions of this court enforcing strict compliance with statutory notice requirements for disallowances of claims. *See id.*, ¶¶ 11, 14 (citing *Cary v. City of Madison*, 203 Wis. 2d 261, 264–65, 551 N.W.2d 596 (Ct. App. 1996);[4] *Humphrey v. Elk Creek Lake Prot. & Rehab. Dist.*, 172 Wis. 2d 397, 402, 493 N.W.2d 241 (Ct. App. 1992)) (municipality's notices of disallowance listing correct claimants in heading and in "carbon copy" line, but not in body of notice, were insufficient to put claimants on notice to trigger the statute of limitations for claims).

¶ 34.   Despite Pool's concession of actual notice, the supreme court concluded that because the City could not show that Pool had been personally served with the disallowance, as required by the unambiguous terms of WIS. STAT. § 893.80(1g) (2003–04), Pool's lawsuit was not untimely. *Pool*, 300 Wis. 2d 74, ¶ 21 ("[s]trict compliance with the statute is necessary for the City to obtain the benefit of the shortened six-month statute of limitations period *and also to protect Pool's bona fide claim.*") (em-

---

[4] In *Cary v. City of Madison*, 203 Wis. 2d 261, 551 N.W.2d 596 (Ct. App. 1996), this court found "nothing unclear or ambiguous in the mandate" of WIS. STAT. § 893.80(1)(b) (1993–94) that a notice of disallowance be served "on the claimant," and therefore under the plain language of the statute a personal injury action should not have been dismissed as untimely filed when the notice of disallowance was served on the claimant's attorney, not on the claimant herself. *Cary*, 203 Wis. 2d at 264–65. The court declined the City's "invitation to relax the service requirement that the legislature plainly and explicitly provided for notices of claim disallowances" under the applicable statute. *Id.* at 268.

phasis added). The *Pool* court concluded that direct service on the claimant was required to commence the running of the six-month statute of limitations under the notice of disallowance statute, regardless of Pool's actual notice of the disallowance. *Id.*, ¶¶ 17, 21. Absent strict compliance with mandatory service requirements, bona fide claims could be lost. *See id.*, ¶ 21.

¶ 35. The condemnor in this case seeks to distinguish *Pool* on the grounds that its application is limited to circumstances in which compliance with service procedures confers a benefit on a party, and in this case "the clerk does not receive a benefit" and "the notice recipient is not penalized" when the clerk provides notice sufficient to trigger the appeal period. We believe that this reads *Pool* too narrowly, and also ignores the rule of statutory construction favoring merits-based resolution of landowner claims in condemnation proceedings.

¶ 36. The procedural requirements at issue here provide a benefit to the condemnor, who is the petitioner in eminent domain cases, to limit the right of appeal of a condemnation award to a sixty-day time period. The door to appeal closes, and " 'legitimate claims can be thrown aside,' " in the language of *Pool*, if a clerk over whom the landowner has no control fails to follow the statutory requirements. *Id.*, ¶ 15 (citation omitted).

¶ 37. The stakes are the same here as in *Pool*. In both cases, notice was to trigger the deadline to commence an action. In both cases, a landowner's notice rights were slighted by a government employee, and those notice rights were intended to prevent the landowner's potentially "legitimate claims" regarding the landowner's property rights from being "thrown aside without redress," in the language of *Pool. Id.*, ¶ 15 (citation omitted). The explicit requirements of WIS. STAT. § 32.06(8) represent a legislative determination

571

that these safeguards provide a benefit in reducing the risks of confusion, error, and lost property rights.

¶ 38. Moreover, the *Pool* court noted, "the uniformity of method of service is a burden the governmental entity can easily bear" to protect fair opportunities for citizens to assert property rights under Chapter 32 of the Wisconsin Statutes. *Pool*, 300 Wis. 2d 74, ¶ 15.

¶ 39. Finally, as this court noted in the opinion affirmed by the supreme court in *Pool*, relaxing service requirements would effectively shift the burden to landowners in some cases to pursue "fact driven and credibility laced" litigation "instead of merely documentary" questions of whether service was perfected. *Pool v. City of Sheboygan*, 2006 WI App 122, ¶ 13, 293 Wis. 2d 725, 719 N.W.2d 792. The condemnor in this case urges a rule that would call upon courts to delve into the facts alleged regarding actual notice of various actors in a dispute, instead of simply looking to see whether the requirements of WIS. STAT. § 32.06(8) were met.

¶ 40. The condemnor in this case relies on *Big Valley Farms, Inc. v. Public Serv. Corp.*, 66 Wis. 2d 620, 225 N.W.2d 488 (1975). Yet *Big Valley Farms* is a "special circumstances" case that was decided on narrow grounds involving express waiver. The landowner in *Big Valley Farms* appealed from an award of a condemnation commission using U.S. mail to convey copies of the notice of appeal to the clerk of court and the attorney of record for the condemnor, even though the landowner was required by the version of WIS. STAT. § 32.05(10)(a) then operative to use certified mail to serve the condemnor itself. *Big Valley Farms*, 66 Wis. 2d at 622.

¶ 41. In response to this form of service, the attorney for the condemnor explicitly admitted due and personal service of both proper time and proper manner

of service in the following terms: "Due and Personal Service of the within Notice of Appeal is hereby admitted this 25 day of August, 1972," (signed, attorney's name). *Id.* The *Big Valley Farms* court concluded that both deficiencies—use of mail instead of certified mail, and service on the attorney instead of the condemnor —were waived by the condemnor through the express, written admission of the attorney. *Id.* at 627–28.

¶ 42.   Our supreme court has recognized that the attorney's express waiver in *Big Valley Farms* renders it a "special circumstances" case falling outside the general rule requiring adherence to statutory procedural requirements. *See Gangler v. Wisconsin Elec. Power Co.*, 110 Wis. 2d 649, 658, 329 N.W.2d 186 (1983).

¶ 43.   In this case, there was no such express waiver of either use of U.S. mail or service on an attorney. It is true that the landowner's attorney acknowledged receipt of the mailed copy of the award, and took overt steps toward commencing an appeal. However, the attorney did not at any time expressly "admit" "due and personal service," as the attorney did in *Big Valley Farms*.

¶ 44.   The requirement of certified mail "is obviously intended to prevent or minimize subsequent disputes as to whether a mailed notice was received or as to the exact date on which the mailed notice was sent and delivered." *Big Valley Farms*, 66 Wis. 2d at 627. At stake in such a dispute is the opportunity to raise potentially legitimate challenges to a condemnation award in circuit court.

¶ 45.   In sum, the clerk of court did not follow two separate, unambiguous procedural requirements contained in Wis. Stat. § 32.06(8), and there are no special

circumstances such as an express admission of service. A claim of actual notice on the part of an attorney for the landowner does not qualify as a special circumstance. The language mandating specific acts by clerks of court is plain, and the claim that "substantial compliance" of a clerk is sufficient is not consistent with precedent favoring the rights of landowners to appeal condemnation awards. The only alleged defect in the landowner's appeal claimed by the condemnor is that it was filed late, and we conclude that it was not.

## CONCLUSION

¶ 46. For these reasons, we conclude that the sixty-day appeal period had not expired at the time the appeal was filed because the clerk of court did not fulfill its statutory obligations in handling the award. Accordingly, we reverse the judgment of the circuit court dismissing the appeal as untimely, and remand for proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with this opinion.