### GREENE v. HOLLEY.

1. EVIDENCE OF PARTY—PRACTICE.—The right to compel a party to give evidence on the trial, or in default of his submitting to testify, allowing the party so calling on him to testify, is a statutory right, and the party seeking the benefit of it must strictly comply with the provisions of the statute.

2. SAME.—A party whose proceedings to require his adversary to be sworn on the trial are defective, will not, on the failure of his adversary to appear and be sworn, be entitled to himself give evidence in the cause.

3. SAME—APPEAL—NOTICE.—A notice given under the statute, relating to the swearing of parties as witnesses for a trial in justice's court, will not suffice in case an appeal is taken, for the purposes of a trial in the appellate court. A new notice must be given.

(2 *Chand.* 168.)

ERROR to the Circuit Court for *Rock* County.

This was an action of assumpsit before a justice upon a promissory note made by the defendant below, the plaintiff in error here. The defendant in that court set up several matters of defense, and issue was joined.

Anterior to the trial before the justice, a notice had been given by the plaintiff below to the defendant, that the plaintiff would require him to be sworn on the trial of the cause before the justice; and by the record he appears to have been sworn. Judgment passed for the plaintiff in that court.

The defendant, *Greene*, appealed to the circuit court, where the appeal was tried, and on that trial the defendant below produced the former notice served on him to give testimony before the justice, and claimed to be sworn as a witness on the trial then depending. This was objected to by the counsel for the plaintiff below, and the court decided that *Greene*, the defendant, was an incompetent witness, and could not be sworn under such notice. A verdict was found for the plaintiff against the defendant for $46 damages, and the cause came into this court on a writ of error.

Greene vs. Holley.

*A. Hyatt Smith*, for the plaintiff in error, claimed that where a party had given a notice to the adverse party to give evidence on the trial of a cause in the court where it was depending, and that, though the cause should be carried before another tribunal by appeal, and be there retried without any additional notice to the party to give evidence, the notice so given in the court below would be operative, and entitle the party to the testimony of his adversary, but admitting at the same time that there were no direct decided cases upon the subject; yet he claimed that the following cases were analogous to this: 6 Johns. 19; 19 id. 337; 4 Wend. 626; 3 Cow. & Hill's Notes, 1184; and that where a party makes his antagonist a witness, and claims the benefit of his evidence on the trial, and the cause is transferred to another tribunal, and there tried again, it was competent for the party who had been once sworn in the cause, under a notification for that purpose, to be again sworn, though objected to by the party who had once used him as a witness; that the right to be sworn was fixed by the previous use of the party as a witness.

*D. Noggle*, for the defendant in error.

HUBBELL, J. The plaintiff in error, who was notified to appear and testify on the trial of the cause before the justice, on appeal to the circuit court, offered himself as a witness, no new or further notice having been served on him, and the defendant in error having omitted to notify or call him as a witness in that court.

The practice has prevailed, and I think correctly, of allowing a party notified to appear and testify in a cause to offer himself as witness, in case the opposite party does not call him. Under this practice, and not under any positive provision of the statute, I suppose, the offer of *Greene's* testimony was made. The difficulty in the case is, that there was no notice requiring him to appear and testify in the circuit court, and I think his testimony was properly rejected.

The right to compel a party to give evidence in the cause is a strict statutory privilege. The party claiming the privilege must show full compliance with the statute, or he loses his right. In this case, *Holley* had not taken the requisite steps to compel *Greene* to testify, and the right of *Greene* could not be broader than that of his opponent. It was contended, however, that the notice served on the trial in the justice's court was sufficient to require the attendance of *Greene* as a witness in the circuit court. This would be giving the statutory right an unwarrantable latitude.

It is true, the issue and pleadings on appeal are to be the same as in the court below, but it does not follow that the witnesses or proofs are to be the same. On the contrary, the very object of an appeal may be to procure further evidence, or to dispense with the evidence of the party called as a witness before the justice. This is clearly the right of each of the parties. Besides, there is no sound reason why a party whose testimony is wanted in the appellate court should not have a proper notice to appear and testify, as well as the other witnesses in the cause. It would not be contended for a moment that service of a subpœna to testify before the justice would be sufficient to require the attendance of witnesses in the circuit or county court.

Judgment affirmed with costs.