James HUMPHREY, Elizabeth Humphrey, Jack K. Dodge, Mary E. Dodge, Richard V. Hoover, Lila M. Hoover, Richard Stone, Theresa Stone, Thomas E. Dodge and Carol A. Dodge, Plaintiffs-Appellants,

v.

ELK CREEK LAKE PROTECTION & REHABILITATION DISTRICT and Viking Insurance Company of Wisconsin, Defendants-Respondents.†

Court of Appeals

*No. 92-1608-FT. Submitted on briefs October 13, 1992.—Decided November 17, 1992.*

(Also reported in 493 N.W.2d 241.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Richard L. Wachowski* of *Thornton, Black, Wachowski & Grosskopf, S.C.* of Eau Claire.

On behalf of the defendants-respondents, the cause was submitted on the brief of *James E. Garvey* and *Carol S. Dittmar* of *Garvey, Anderson, Johnson, Gabler & Geraci, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. James and Elizabeth Humphrey, Jack and Mary Dodge, Richard and Lila Hoover, Richard and Theresa Stone, and Thomas and Carol Dodge (plaintiffs) appeal a summary judgment dismissing their action against Elk Creek Lake Protection and Rehabilitation

District.[1] The circuit court granted summary judgment because the plaintiffs had failed to commence their lawsuit within six months of the municipality's disallowance of their claims as required under sec. 893.80(1)(b), Stats. The plaintiffs argue that they complied with sec. 893.80(1)(b) because the municipality's original notice of disallowance was invalid. We conclude that the notice was effective as to Richard and Theresa Stone, but was not effective as to the remaining plaintiffs. We therefore affirm in part, reverse in part and remand for further proceedings.

All the plaintiffs alleged that the Elk Creek Lake Protection and Rehabilitation District's negligence caused flood damage to their properties. They separately filed a notice of claim and claim for damages upon the clerk of the district, which denied all the claims at a meeting held on January 9, 1991.

The town chairman signed and dated the notices of disallowance on January 9, 1991. The notices were addressed to the plaintiffs' joint counsel, Richard L. Wachowski along with a cover letter that stated "Enclosed please find the letters denying the five claims that were presented to the district." Five notices of disallowance were also served on the five couples by January 14, 1991.[2] While each notice listed different plaintiffs as the "Claimant" and named those claimants on the "cc" line,[3] all of the notices said:

> This letter is to inform you that the Elk Creek Lake Rehabilitation and Protection District at its quar-

---

[1] This is an expedited appeal under Rule 809.17, Stats.

[2] These apparently were copies of the notices of disallowance sent to the joint counsel.

[3] The "cc" line appears at the end of a letter and lists all those who receive copies of the letter.

terly meeting on January 9, 1991, voted to disallow the claim made by *Richard and Theresa Stone* . . .. (Emphasis added.)

After discovering this error, the district sent new notices of disallowance to each set of plaintiffs except the Stones. These notices of disallowance contained the correct names of the particular plaintiffs to which it was sent. The new notices of disallowance were served between January 30, 1991, and February 6, 1991.

A summons and complaint was filed on behalf of all plaintiffs on July 16, 1991. It is undisputed that the summons and complaint was filed within six months of the service of the second set of notices of disallowance, but more than six months after the service of the initial notices of disallowance. The circuit court granted the district's motion for summary judgment against all plaintiffs on the basis of the six-month statute of limitations under sec. 893.80(1)(b), Stats. All five couples appealed.

In reviewing a circuit court's grant of summary judgment, an appellate court applies the standards established in sec. 802.08(2), Stats., in the same manner as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). The summary judgment in this case is merely the application of facts to a statute, which is a question of law we review independently of the trial court. *Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989).

Section 893.80, Stats., provides for specific procedures that must be followed to bring claims against governmental bodies. This statute says that an action cannot be brought unless, among other things:

A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance. *Notice of disallowance shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service.* No action on a claim against any defendant . . . may be brought after 6 months from the date of service of the notice, and the notice shall contain a statement to that effect.

Section 893.80(1)(b), Stats. (Emphasis added.)

If the initial notices of disallowance were effective, then the statute of limitations has expired. The initial notice served on the Stones clearly stated that their claim was being disallowed and was therefore effective as to the Stones. Summary judgment was properly granted against the Stones.

The district gives three reasons the initial notices of disallowance served on the other plaintiffs were effective. First, they argue that the cover letter to their joint counsel that said "[e]nclosed please find the letters denying the five claims" was enough to constitute notice to all five couples. In support of this proposition, the district cites *Wauwatosa Realty Co. v. Bishop*, 6 Wis. 2d 230, 94 N.W.2d 562 (1959), a real estate case where disclosure of information to an attorney was imputed to his clients. However, *Wauwatosa Realty* did not involve statutorily required notice and service as is the case here.

The supreme court has stated that in looking at the requirements of a notice of claim statute like sec. 893.80(1)(b), Stats., "[a] construction which preserves a

bona fide claim so that it may be passed upon by a competent tribunal is to be preferred to a construction which cuts it off without a trial." *Smith v. Milwaukee County,* 149 Wis. 2d 934, 941-42, 440 N.W.2d 360, 363 (1989); *Figgs v. Milwaukee,* 121 Wis. 2d 44, 53, 357 N.W.2d 548, 553 (1984); *Sambs v. Nowak,* 47 Wis. 2d 158, 165-66, 177 N.W.2d 144, 148 (1970) (citing *Schwartz v. Milwaukee,* 43 Wis. 2d 119, 128, 168 N.W.2d 107, 111 (1969)). We will not interpret sec. 893.80(1)(b) to find a letter to the claimant's attorney referring to the district's denial of a claim sufficient to trigger the six-month statute of limitations.

The district also claims that the initial notices of disallowance received by the claimants other than the Stones were sufficient to put them on notice. The district claims that because the notices of disallowance listed the correct claimants in the heading of the notice and because the correct claimants' names appeared in the "cc" line, the fact that the notice of disallowance states that the claim of another claimant has been disallowed does not make the notice ineffective. We disagree.

Neither the heading nor the "cc" line gives the correct claimant any information stating that their claim has been disallowed by the district. The logical conclusion reached from reading the notice is that the Stones' claims have been disallowed. The district argues that the claimants were given sufficient knowledge of the disallowance of their claims. This argument implies that the claimants should have known that the district had made a "typographical error." We feel that a reasonable person in the claimants' position could just as plausibly believe that the district was informing them that the Stone claim, a claim closely related but not identical to theirs, had been disallowed. Moreover, in these matters we seek

to preserve a bona fide claim so that it may be passed upon by a competent tribunal rather than cut off without trial. *Smith*, 149 Wis. 2d at 941-42, 440 N.W.2d at 363; *Figgs*, 121 Wis. 2d at 53, 357 N.W.2d at 553.

Finally, the district claims that the remaining plaintiffs have made a judicial admission they should now be held to. The alleged admission appears in the plaintiffs' brief in opposition to summary judgment, and states:

> Certainly, it would be reasonable for the plaintiffs Humphrey, J. Dodge, T. Dodge and Hoover to believe that their claims were disallowed along with the Stone claim, but they were not advised of that fact in accordance with the statute by the original Notices of Disallowance.

The district asserts that this constitutes a "judicial admission" of the existence of the plaintiffs' knowledge of the disallowance. Judicial admissions must be clear, deliberate and unequivocal. *Fletcher v. Eagle River Memorial Hosp.*, 156 Wis. 2d 165, 174, 456 N.W.2d 788, 793 (1990). Stating in a brief that it would be reasonable for someone to believe something does not clearly, deliberately and unequivocally admit that they had knowledge of what it would be reasonable to believe. The statement does not constitute a judicial admission. Moreover, even an admission of knowledge of the disallowance does not admit proper service sufficient to trigger the six-month statute of limitations.

Because the initial notices of disallowance were insufficient to trigger the statute of limitations as to the claims of James and Elizabeth Humphrey, Jack and Mary Dodge, Richard and Lila Hoover and Thomas and Carol Dodge, their actions were not barred by sec. 893.80(1)(b), Stats., and summary judgment should not

have been granted against them. Because the notice of disallowance was sufficient to trigger the statute of limitations as to the claims of Richard and Theresa Stone, their actions were barred and summary judgment was properly granted against them.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.