Annette D. CARY and Daniel D. Cary, Victoria S. Alvarez and Alexander Z. Gonzalez, Plaintiffs-Appellants,
UNIFORM SERVICES BENEFIT PLANS, INC., Adminastar Defense Services, Inc. and Monumental General Insurance Corporation, Subrogated-Plaintiffs,

v.

The CITY OF MADISON and Wisconsin Municipal Mutual Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 95–3559. Submitted on briefs May 24, 1996.—Decided June 27, 1996.*

(Also reported in 551 N.W.2d 596.)

For the plaintiffs-appellants the cause was submitted on the briefs of *James N. Youngerman* of *Montie & Youngerman* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Bradley D. Armstrong* and *Guy DuBeau* of *Axley Brynelson* of Madison.

Before Eich, C.J., Gartzke, P.J., and Vergeront, J.

EICH, C.J.   Annette Cary appeals from a judgment dismissing her personal injury action against the City of Madison as untimely filed.[1] We reverse the judgment.

■

A person claiming to have suffered injury as a result of the actions of a municipality or its agents may not commence an action to recover damages therefor unless he or she first files a claim with the municipality and the claim is denied. Sections 893.80(1)(a) and (b), STATS. This appeal concerns the special six-month statutory limitation period set by § 893.80(1)(b) for commencement of such actions after denial of the claim. The statute requires the notice of disallowance to be "served on the claimant by registered or certified mail," and states that "[n]o action on [the] claim . . . may be brought after 6 months from the date of service of the notice . . . ."

Cary, who was injured when she slipped and fell on a sidewalk in the City of Madison, filed a claim for damages with the City. The City denied the claim and sent a notice of disallowance by certified mail to Cary's attorney, Gregory Dutch, on September 21, 1994. Dutch received it on either September 22 or 23, 1994. The action commenced on March 22, 1995—six months and one day after September 21, 1994, the date the disallowance notice was mailed.

The City moved to dismiss Cary's action as time-barred by § 893.80(1)(b), STATS. The trial court granted the motion, rejecting Cary's arguments that (1) service of the notice on a claimant's attorney may not be considered service "on the claimant" within the meaning of § 893.80(1)(b); and (2) § 801.15(5)(a), which extends the

---

[1] Cary's husband and children are joined as plaintiffs, asserting derivative claims.

response time by three days where papers are served by mail, is applicable to the City's notice. Cary's appeal challenges those rulings.

■

The rulings concern the interpretation and application of statutes; as such, they raise questions of law which we decide independently, owing no deference to the trial court's conclusions. *State ex rel. Sielen v. Circuit Court for Milwaukee County*, 176 Wis. 2d 101, 106, 499 N.W.2d 657, 659 (1993). Based on that review, we conclude that the trial court erred when it decided that service on Cary's attorney complied with § 893.80(1)(b), STATS. Because the City's disallowance notice was never properly served under the statute, its six-month limitation is inapplicable and the three-year provision of the general personal-injury statute of limitations, § 893.54, STATS., applies. We reverse the judgment on this ground, and it is thus unnecessary to consider Cary's other argument.

As we have noted above, § 893.80(1)(b), STATS., requires that the notice of disallowance "shall be served on the claimant" by registered or certified mail. We recognized in *Interest of Peter B.*, 184 Wis. 2d 57, 516 N.W.2d 746 (Ct. App. 1994), as we have in many other cases, that in interpreting a statute, we do not look behind its plain and unambiguous language.

> The sole purpose of determining the meaning of a statute is to ascertain the intent of the legislature. In determining legislative intent, we look to the plain language of the statute. If the statute is clear on its face, our inquiry as to the legislature's intent ends and we must simply apply the statute to the facts of the case.

*Id.* at 70-71, 516 N.W.2d at 752 (citation omitted). We see nothing unclear or ambiguous in the mandate of

264

§ 893.80(1)(b) that the notice be served "on the claimant." *See Linstrom v. Christianson*, 161 Wis. 2d 635, 639, 469 N.W.2d 189, 190 (Ct. App. 1991) (stating the notice of claim and notice of disallowance provisions of § 893.80(1) are unambiguous).

The City makes a "substantial compliance argument." It maintains that service on Cary's attorney must be considered the equivalent of service on Cary herself, relying almost exclusively on the supreme court's statement in *DNR v. City of Waukesha*, 184 Wis. 2d 178, 198, 515 N.W.2d 888, 896 (1994), that an "attorney's address is considered the equivalent of the claimant's address for the purpose of the notice of claim statute." The City asserts, "This principle alone should dispose of [Cary]'s contention to the contrary." We disagree. We think *Waukesha* is distinguishable. The quoted phrase had nothing to do with the statutory language at issue here.

The *Waukesha* court was not considering the requirement of § 893.80(1)(b), STATS., that the *notice of disallowance* be "served on the claimant"; its discussion was limited to the statutory sufficiency of the claimant's *notice of claim. Waukesha*, 184 Wis. 2d at 198, 515 N.W.2d at 896. The Department of Natural Resources, seeking to enforce rules relating to drinking-water safety, sued the City of Waukesha, seeking both fines and forfeitures, as well as injunctive relief, for several claimed violations of state regulations. *Id.* at 186-87, 515 N.W.2d at 891. The City moved to dismiss the action for DNR's failure to serve and file a notice of claim under § 893.80(1)(a), which, as we noted above, states that no action may be maintained against a governmental subdivision unless, within 120 days after the event giving rise to the claim, "written notice of the circumstances of the claim . . . is served on the . . .

governmental subdivision . . . ." Among other things, § 893.80(1)(b) requires the notice of claim to contain "the address of the claimant and an itemized statement of the relief [being] sought . . . ."

DNR maintained that a letter sent by the attorney general to the Waukesha city attorney satisfied the requirements of the statute. Considering that contention, the supreme court, noting that the letter contained the address of DNR's attorney, made the statement which forms the basis of the City's argument in this case: "The attorney's address is considered the equivalent of the claimant's address for the purpose of the notice of claim statute." *Waukesha*, 184 Wis. 2d at 198, 515 N.W.2d at 896.

The fact that the supreme court considered the attorney's address to be the equivalent of the "claimant's address" required by the *notice of claim* provisions of the statute has little to do, we think, with whether a "service on the claimant" requirement for *disallowance notices* is met by service on an attorney. The statutes are very different, and we do not consider service on an attorney to be the equivalent of the plainly worded requirement that the disallowance notice be served on the claimant.

Nor do we believe the "substantial compliance" holding in *Waukesha* is applicable here. As the *Waukesha* court noted, the purpose of the statutory language requiring persons seeking recovery from a city to present their claims to the city for consideration in advance of bringing suit " 'is to "afford[ ] the municipality an opportunity to compromise and settle [the] claim without litigation." ' " *Waukesha*, 184 Wis. 2d at 195, 515 N.W.2d at 894 (quoted sources omitted). Thus, said the court, the information required to be submitted in connection with the claim—including the itemized

statement of damage and the name and address of the claimant—is mandated so the municipality will have "the information necessary to decide whether to settle the claim"—enough information "so that it can budget accordingly for either a settlement or litigation." *Id.* at 198, 515 N.W.2d at 896 (citations omitted). The court then stated that because notices of claims "should be construed so as to preserve bona fide claims . . . 'only substantial, and not strict, compliance with notice statutes is required.' " *Id.* (citations omitted).

As we said in *Linstrom,* 161 Wis. 2d at 639, 469 N.W.2d at 190, the language of § 893.80(1)(b), STATS., is unambiguous in that it "clearly requires that a notice of disallowance be served to trigger the six-month statute of limitations," and "[t]his notice of disallowance 'shall be served on the claimant . . . .' " This is not a case, like *Waukesha,* where the court applied a substantial-compliance rule to a failure in order to "preserve a bona fide claim." Indeed, the City asks us to go beyond the statute's plain language in order to *negate* an apparently bona fide claim. To do so would be contrary not only to the unambiguous statutory language but to the very principle upon which the *Waukesha* court based its holding in that case.

We conclude, therefore, that *Waukesha* provides inadequate authority for the conclusions reached by the trial court and argued by the City on this appeal.[2]

---

[2] We note in this regard that the two cases cited by the *Waukesha* court as authority for its statement that the attorney's address is the equivalent of the claimant's address "for the purpose of the notice of claim statute" dealt, like *Waukesha,* with the adequacy of the claim notices under the applicable statute, *not* with notices of disallowance. *See Gutter v. Seamandel,* 103 Wis. 2d 1, 8-9, 308 N.W.2d 403, 407 (1981); *Novak*

And we decline the City's invitation to relax the service requirement that the legislature plainly and explicitly provided for notices of claim disallowances under § 893.80(1)(b), STATS.

*By the Court.*—Judgment and order reversed.

*v. City of Delavan*, 31 Wis. 2d 200, 210-11, 143 N.W.2d 6, 12 (1966).