Richard G. Pool, Plaintiff-Appellant,

v.

City of Sheboygan,
Defendant-Respondent-Petitioner.

Supreme Court

*No. 2005AP2028. Oral argument December 13, 2006.
—Decided March 27, 2007.*

2007 WI 38

(Also reported in 729 N.W.2d 415.)

75

For the defendant-respondent-petitioner there were briefs and oral argument by *Stephen G. McLean,* city attorney.

For the plaintiff-appellant there was a brief by *Shawn Brock* and *Skoglind, Wurtz, Roth, Basler & Brock, S.C.,* Sheboygan, and oral argument by *Shawn Brock.*

¶ 1. PATIENCE DRAKE ROGGENSACK, J. This is a review of a published decision of the court of appeals[1] reversing the circuit court's order[2] granting the City of Sheboygan's (the City's) motion to dismiss this action as untimely under the six-month statute of limitations in Wis. Stat. § 893.80(1g) (2003–04).[3] The major issue on review is whether the City complied with the requirements of § 893.80(1g) for serving a notice of disallowance of claim on the claimant, Richard G. Pool (Pool), when it sent Pool a notice of disallowance via certified mail that was receipted for by Pool's adult daughter. The circuit court found that Pool had actual notice of the disallowance of his claim.[4] It then concluded that service of the notice of disallowance was sufficient because strict compliance with § 893.80(1g) is unnecessary as long as the claimant had actual notice of the disallowance of his claim. The court of appeals disagreed, concluding that strict compliance with § 893.80(1g) is necessary and the plain language of the statute requires that a notice of disallowance be served

---

[1] *Pool v. City of Sheboygan,* 2006 WI App 122, 293 Wis. 2d 725, 719 N.W.2d 792.

[2] Sheboygan County Circuit Court Judge L. Edward Stengel presided.

[3] All subsequent references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[4] Before the court of appeals, Pool did not dispute the circuit court's finding that he had actual notice of the disallowance of his claim. Pool also asserted to the court of appeals that there were no factual issues in dispute.

on the claimant by registered or certified mail. *Pool v. City of Sheboygan*, 2006 WI App 122, ¶ 1, 293 Wis. 2d 275, 719 N.W.2d 792.

¶ 2. We conclude that service of a notice of disallowance must be upon the claimant and strictly comply with those modes of service set out in Wis. Stat. § 893.80(1g). Section 893.80(1g) requires that service be made by either registered or certified mail. We also conclude that the return of a receipt for registered or certified mail signed by the claimant and the return of registered mail addressed to the claimant, are examples of proof of service acceptable under § 893.80(1g).

¶ 3. Because the six-month statute of limitations period set forth in Wis. Stat. § 893.80(1g) runs from the date of service of the notice of disallowance on the claimant, without either proof of service or an admission of proper service, the date when the six-month period commences cannot be established. Since the record before us does not prove that the City served the notice of disallowance on Pool or that Pool admitted proper service, the six-month statute of limitations did not commence. Therefore, the City's motion to dismiss Pool's action as untimely under § 893.80(1g) was erroneously granted by the circuit court. Accordingly, we affirm the court of appeals.

## I. BACKGROUND

¶ 4. Pool's residence is located on property that abuts State Highway 28/South Business Drive (Highway 28) in Sheboygan, Wisconsin. When Pool purchased the property, it included a privacy fence running parallel to Highway 28. On January 7, 2002, the City informed Pool he must remove his fence because Highway 28 was going to be widened. When Pool objected to

79

removing the fence, the City did so on or about May 21, 2003. In November 2003, the City installed a sidewalk where Pool's fence used to stand. Pool continued to express objections to the City.

¶ 5. On May 25, 2004, Pool filed a notice of claim and claim alleging that the City's removal of the fence constituted an inverse condemnation without just compensation. Pool alleged the removal resulted in a "substantial decrease in the property's value, as well as a permanent and substantial interference with the use and enjoyment of his land." He sought compensation in the amount of $65,000.

¶ 6. On September 8, 2004, the City sent Pool a notice of disallowance via certified mail, which disallowed his claim and informed him of the six-month statute of limitations for filing a lawsuit on the claim. The City did not check the box on the certified mail receipt indicating "restricted delivery." On September 9, 2004, Pool's adult daughter, Tamara Pool, signed the certified mail receipt as the recipient. After the signature line on the certified mail receipt, there were boxes to check, either "agent" or "addressee," and "agent" was checked after Tamara Pool's signature.

¶ 7. On March 22, 2005, Pool filed a petition for ascertainment of compensation against the City in the Circuit Court for Sheboygan County. The City moved to dismiss the petition alleging that Pool's petition was untimely under Wis. Stat. § 893.80(1g) because it was not filed within six months of service of the notice of disallowance of his claim. Following a hearing on June 3, 2005, the circuit court granted the City's motion to dismiss, stating that it was "quite troubling and probably ill-advised for the City not to check the box that says restricted delivery because the statute clearly says complainant should be served." However, the circuit

80

court found that Pool had actual notice of the disallowance of his claim, which it concluded fulfilled the service requirements of § 893.80(1g) necessary to commence the six-month limitation period.

¶ 8. Pool appealed the circuit court's decision and the court of appeals reversed, concluding that service of the notice of disallowance was deficient under the plain language of Wis. Stat. § 893.80(1g) because it was not "served on the claimant," but on Pool's daughter. *Pool,* 293 Wis. 2d 725, ¶ 10. The court of appeals stated that actual notice of the disallowance does not satisfy the statute and strict statutory compliance is required. *Id.,* ¶¶ 1, 11–15. Judge Snyder, concurring in part and dissenting in part, stated that § 893.80(1g) also required a certified mail receipt signed by the claimant, to assure consistency with Wis. Stat. § 990.001(13). *Id.,* ¶ 21. The City sought review, arguing that service of the notice of disallowance in this case complied with the requirements of § 893.80(1g). We granted review.

## II. DISCUSSION

### A. Standard of Review

¶ 9. A motion to dismiss presents a question of law that we review independently. *Beloit Liquidating Trust v. Grade,* 2004 WI 39, ¶ 17, 270 Wis. 2d 356, 677 N.W.2d 298 (citing *Watts v. Watts,* 137 Wis. 2d 506, 512, 405 N.W.2d 303 (1987)). To determine whether the motion to dismiss should be granted in this case, we interpret Wis. Stat. § 893.80(1g), which sets forth the requirements for service of a notice of disallowance and examples of how that service may be proved. The interpretation of a statute is also a question of law that

81

we review independently, "but benefiting from the analyses of the court of appeals and the circuit court." *Marder v. Bd. of Regents of the Univ. of Wis. Sys.*, 2005 WI 159, ¶ 19, 286 Wis. 2d 252, 706 N.W.2d 110.

B. Wisconsin Stat. § 893.80(1g)

■

¶ 10. We interpret Wis. Stat. § 893.80(1g) to determine the requirements for proper service of a notice of disallowance of claim under § 893.80(1g). Statutory interpretation begins with the language of the statute. If the words of the statute have a plain meaning, we ordinarily stop our inquiry and apply the words chosen by the legislature. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citing *Seider v. O'Connell*, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659). Statutory language is read to give reasonable effect to every word in order to avoid surplusage. *Id.,* ¶ 46. A statute is ambiguous "if it is capable of being understood by reasonably well-informed persons in two or more senses." *Id.,* ¶ 47. If a statute is ambiguous, the court may examine extrinsic sources, such as legislative history. *Id.,* ¶ 48.

■

¶ 11. Wisconsin Stat. § 893.80(1)(a)-(b) provide that no action may be brought against governmental bodies, officers, agents, or employees, unless a claim is filed with such governmental body and disallowed.[5] Section 893.80(1g) provides the service requirements

---

[5] Written notice of the circumstances of the claim must be served by the claimant on the governmental body within 120 days of the happening of the event giving rise to the claim. Wis.

and examples of proof of service for a notice of disallowance that are at issue in this case. Section 893.80(1g) provides:

> Notice of disallowance of the claim submitted under sub. (1) *shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service.* Failure of the appropriate body to disallow a claim within 120 days after presentation of the written notice of the claim is a disallowance. No action on a claim under this section against any defendant fire company, corporation, subdivision or agency nor against any defendant officer, official, agent or employee, may be brought after 6 months from the date of service of the notice of disallowance, and the notice of disallowance shall contain a statement to that effect.

(emphasis added). In regard to the service required by the statute, the statutory language unambiguously requires that service of notice of disallowance must be made on the claimant and, it must be sent by registered or certified mail. *Cary v. City of Madison,* 203 Wis. 2d 261, 264–65, 551 N.W.2d 596 (Ct. App. 1996); *Linstrom v. Christianson,* 161 Wis. 2d 635, 639, 469 N.W.2d 189 (Ct. App. 1991).[6]

---

Stat. § 893.80(1)(a). Failure to give notice will not bar the claim if the government had actual notice and the failure to give the notice was not prejudicial. *Id.*

[6] At the time these cases were decided, the statutory language at issue was found in Wis. Stat. § 893.80(1)(b). *Cary v. City of Madison,* 203 Wis. 2d 261, 263, 551 N.W.2d 596 (Ct. App. 1996); *Linstrom v. Christianson,* 161 Wis. 2d 635, 637–38, 469 N.W.2d 189 (Ct. App. 1991). Section 893.80(1)(b), as referred to in these cases, was renumbered as § 893.80(1)(b) and (1g) by 1995 Wis. Act 158, § 18.

¶ 12. In *Cary,* the City of Madison denied a claim for damages by sending a notice of disallowance via certified mail to the claimant's attorney instead of to the claimant. *Cary,* 203 Wis. 2d at 263. The City of Madison argued that "substantial compliance" with the statute should suffice and service on an attorney must be considered the equivalent of service on the claimant. *Id.* at 265 (citing *DNR v. City of Waukesha,* 184 Wis. 2d 178, 198, 515 N.W.2d 888 (1994)). However, the court of appeals rejected the argument and distinguished *Cary* from our opinion in *City of Waukesha.*

¶ 13. Our opinion in *City of Waukesha* limited the concept of substantial compliance to a claimant's notice of claim, recognizing that the statutory requirements for a claimant's notice of claim are very different from the statutory requirements for notice of disallowance of claim. *City of Waukesha,* 184 Wis. 2d at 198–202. Furthermore, in *City of Waukesha,* the substantial compliance standard was applied to the notice of claim statute in order to preserve a bona fide claim. *Cary,* 203 Wis. 2d at 267. To the contrary, in *Cary,* the City of Madison was requesting the court "to go beyond the statute's plain language in order to *negate* an apparently bona fide claim." *Id.* (emphasis in original). Accordingly, the court of appeals concluded that strict compliance with the notice of disallowance statute was required by the unambiguous language in then Wis. Stat. § 893.80(1)(b), now Wis. Stat. § 893.80(1g). The court of appeals noted that this construction also promoted the public policy of protecting bona fide claims. *Id.*

¶ 14. In *Humphrey v. Elk Creek Lake Protection & Rehabilitation District,* 172 Wis. 2d 397, 493 N.W.2d 241 (Ct. App. 1992), the court of appeals again required strict compliance with Wis. Stat. § 893.80(1g), and in so

doing preserved bona fide claims. *Id.* at 401–02.[7] In *Humphrey,* five couples filed a notice of claim and claim against Elk Creek Lake Protection and Rehabilitation District (District) for allegedly causing flood damage to their properties. *Id.* at 398–99. Each of the five couples was served a notice of disallowance. *Id.* Each of the notices listed different plaintiffs as the "claimant," but the text referred to only one couple's claim as disallowed. *Id.* at 399–400. The District argued that the plaintiffs' knowledge of the disallowance should suffice, but the court sought to preserve the bona fide claims and concluded that "even an admission of knowledge of the disallowance does not admit proper service sufficient to trigger the six-month statute of limitations." *Id.* at 403.[8]

¶ 15. The court of appeals in this case again interpreted the unambiguous requirements for service in Wis. Stat. § 893.80(1g) consistent with its past decisions wherein it required strict compliance if a shortened six-month statute of limitations is to apply to a disallowed claim. In so doing, it again referred to the public policy espoused in *Cary* and *Humphrey,* stating "[b]ecause legitimate claims can be thrown aside without

---

[7] The court of appeals stated that "in looking at the requirements of a notice of claim statute like sec. 893.80(1)(b), Stats., '[a] construction which preserves a bona fide claim so that it may be passed upon by a competent tribunal is to be preferred to a construction which cuts it off without a trial.' " *Humphrey v. Elk Creek Lake Prot. & Rehab. Dist.,* 172 Wis. 2d 397, 401–02, 493 N.W.2d 241 (Ct. App. 1992) (quoting *Smith v. Milwaukee County,* 149 Wis. 2d 934, 941–42, 440 N.W.2d 360 (1989)).

[8] The court dismissed the couple's claim that was referred to in the text of the notice of disallowance, but concluded the notices to the other plaintiffs were not sufficient under the statute. *Humphrey,* 172 Wis. 2d at 402–03.

redress when a claimant fails to follow the statutory requirements, strict compliance is required in how the government provides the notice of disallowance." *Pool,* 293 Wis. 2d 725, ¶ 13 (citing *Driver v. Housing Auth. of Racine County,* 2006 WI App 42, ¶ 23, 289 Wis. 2d 727, 713 N.W.2d 670). The court also noted that the uniformity of method of service is a burden the governmental entity can easily bear to make certain the citizen's interest in the time in which to institute suit is protected. *Id.* The court reasoned that allowing "actual notice" or "substantial compliance" would "essentially shift the burden to the citizen to prove that the notice given was insufficient," which would be "fact driven and credibility laced instead of merely documentary." *Id.*

■

¶ 16. We agree that the unambiguous language of Wis. Stat. § 893.80(1g) requires strict compliance with its terms. In so concluding, we note that strict compliance with § 893.80(1g) provides the benefit of a shortened six-month statute of limitations period to the governmental body disallowing the claim. We consistently have held that procedural requirements in statutes that provide benefits to one of the parties "must be strictly complied with in every material particular, or the attempt to obtain the benefits of them will fail." *See Duecker v. Goeres,* 104 Wis. 29, 35–36, 80 N.W. 91 (1899) (concluding that the statutory requirement to exhibit the date of a rendition of judgment on a transcript is material and must be strictly followed in order for the judgment to be transcripted to the circuit court); *Greene v. Holley,* 2 Pin. 488, 2 Chand. 168 (1850) (concluding "[t]he right to compel a party to give evidence in the cause is a strict statutory privilege," and therefore, "[t]he party claiming the privilege must show full compliance with the statute, or he loses his right").

Therefore, in order for the City to obtain the benefit of the shortened six-month statute of limitations, it must strictly comply with all requirements for service of the notice of disallowance in § 893.80(1g).

¶ 17. The fact of service on a claimant and proof of that service are two different concepts. *Home Bank v. Becker,* 48 Wis. 2d 1, 6, 179 N.W.2d 855 (1970). Just as it is the fact of service of a summons, not the form of the proof of that service, that is necessary in order to confer jurisdiction on a court in many circumstances, *see, e.g., Gehr v. City of Sheboygan,* 81 Wis. 2d 117, 122, 260 N.W.2d 30 (1977), it is the fact of service on the claimant that commences the running of the six-month statute of limitations under Wis. Stat. § 893.80(1g). Although there is no requirement in § 893.80(1g) that proof of service be filed, proof will be required when the person to have been served asserts that service was not proper under § 893.80(1g). *See Home Bank,* 48 Wis. 2d at 6.

¶ 18. Wisconsin Stat. § 893.80(1g) assists in identifying examples that are proof of service under that statute. It lists a receipt signed by the claimant for either registered or certified mail and the return of a registered letter. The court of appeals did not reach the issue of whether a receipt signed by the claimant is necessary to effect service of a certified letter. Instead, the majority opinion noted that a signed receipt for a certified letter probably was not required, but that it would be conclusive proof of service when provided. *Pool,* 293 Wis. 2d 725, ¶ 16 n.5.

¶ 19. Here, the receipt for delivery of the certified mail was not signed by Pool. The parties have not briefed or argued the import of the examples of proof of service listed in Wis. Stat. § 893.80(1g), and addressing that issue is not necessary to our decision in this case.

Accordingly, we leave for another day to determine whether the examples in § 893.80(1g) are or are not an exclusive list of how service may be proved and whether the examples listed are "conclusive" proof of service.

¶ 20. In this case, service of the notice of disallowance was attempted via certified mail. Pool's daughter, Tamara, signed the returned receipt as the recipient of the certified letter. Tamara was not the claimant. Therefore, absent other evidence that the certified mail containing the disallowance of claim was personally served on Pool, himself, the return receipt is proof that Pool was not served in compliance with the terms of the statute. Accordingly, service of the notice of disallowance did not comply with the requirements set forth in the plain language of Wis. Stat. § 893.80(1g).[9] In order to start the clock ticking on the six-month statute of limitations, Pool, himself, had to be served with the certified mail.

¶ 21. The City argues that because Pool had "actual notice" of the notice of disallowance, the six-month statute of limitations commenced when the postal service delivered the certified mail. However, as explained above, the statutory requirements of service are unambiguously set out in Wis. Stat. § 893.80(1g). Strict

---

[9] The City had requested a return receipt for the delivery at the designated address, which was in addition to the basic certified mail receipt that does not require a recipient to sign for the mail. *Pool,* 293 Wis. 2d 725, ¶¶ 22–23 (Judge Snyder concurring in part; dissenting in part). The City could have easily ensured compliance with the statute if it had requested the certified mail be served upon Pool, himself, by checking the box requiring restricted delivery and paying an additional fee of $3.70. *Id.,* ¶ 24. .

compliance with the statute is necessary for the City to obtain the benefit of the shortened six-month statute of limitations period and also to protect Pool's bona fide claim. Since the City did not properly serve the notice of disallowance, the six-month statute of limitations did not commence when the certified mail was delivered. Accordingly, Pool's lawsuit was not untimely filed under § 893.80(1g).[10]

## C. Wisconsin Stat. § 990.001(13)

¶ 22. The City also contends that Wis. Stat. § 893.80(1g) must be read in conjunction with Wis. Stat. § 990.001(13). Section 990.001(13) states:

> [W]henever the statutes authorize or require the use of registered mail, and do not require a return receipt of the addressee only, certified mail may be used if a sender's receipt is obtained from the postal authorities

---

[10] The City does not dispute that Pool's claim is timely if the six-month statute of limitations in Wis. Stat. § 893.80(1g) does not apply. If a notice of disallowance is not served on a claimant within 120 days after a written notice of the claim was sent to the governmental body, as required by § 893.80(1g), the six-month statute of limitations does not apply. *Blackbourn v. Sch. Dist. of Onalaska,* 174 Wis. 2d 496, 501, 497 N.W.2d 460 (Ct. App. 1993). Although we do not fully address this issue because it is not in dispute, we note that the six-year statute of limitations for condemnation actions would apply assuming this condemnation action is a statutory action under Wis. Stat. § 32.10, as alleged in the City's Brief in Support of its Motion to Dismiss. *See* Wis. Stat. § 893.93(1)(a) (applying to actions "upon a liability created by statute"); *Andersen v. Village of Little Chute,* 201 Wis. 2d 467, 486–87, 549 N.W.2d 737 (Ct. App. 1996) (stating that actions under § 32.10 would be subject to the six-year statute of limitations under § 893.93(1)(a), but concluding the condemnation action in the case was a constitutional taking because it was temporary).

89

and return receipt is requested. If a return receipt signed by addressee only is required, registered mail must be used.

Therefore, the City argues that if § 893.80(1g)'requires the notice of disallowance to be received and signed for by Pool, himself, only registered mail could be used according to § 990.001(13). Stated otherwise, the City contends that to harmonize the two statutes, § 893.80(1g) may not be interpreted to require that a certified mail receipt be signed by the actual claimant to effect service.

¶ 23. We are not persuaded by the City's argument for a number of reasons. First, one of the basic tenants of statutory construction is that courts are to construe a statute so that no part of it is rendered superfluous. *Kelley Co. v. Marquardt,* 172 Wis. 2d 234, 250, 493 N.W.2d 68 (1992). Wisconsin Stat. § 893.80(1g) expressly allows the use of either certified or registered mail. It also lists a receipt for certified mail signed by the claimant as an example of proof of service. Were we to construe Wis. Stat. § 990.01(13) and § 893.80(1g) as the City has, both provisions would be superfluous.

¶ 24. Second, Wis. Stat. § 990.001 states in its opening sentence that its provisions should not be construed to "produce a result inconsistent with the manifest intent of the legislature." Interpreting § 990.001(13) as the City suggests would produce a result inconsistent with the manifest intent of the legislature because the unambiguous language of Wis. Stat. § 893.80(1g) requires service of a notice of disallowance on the claimant by either registered or certified mail. And finally, interpreting § 990.01(13) as the City suggests would cause that general statute to conflict

with the more specific statute, § 893.80(1g). To do so is contrary to the usual rules of statutory construction. *State v. Smith,* 106 Wis. 2d 151, 159, 316 N.W.2d 124 (Ct. App. 1982). Accordingly, we conclude that § 990.01(13) has no application to the issues presented by this review.

## III. CONCLUSION

¶ 25. We conclude that service of a notice of disallowance must be made on the claimant and must strictly comply with those modes of service set out in Wis. Stat. § 893.80(1g). Section 893.80(1g) requires that service be made by either registered or certified mail. We also conclude that the return of a receipt for registered or certified mail signed by the claimant and the return of registered mail addressed to the claimant are examples of proof of service acceptable under § 893.80(1g).

¶ 26. Because the six-month statute of limitations period set forth in Wis. Stat. § 893.80(1g) runs from the date of service of the notice of disallowance on the claimant, without either proof of service or an admission of proper service, the date when the six-month period commences cannot be established. Since the record before us does not prove that the City served the notice of disallowance on Pool or that Pool admitted proper service, the six-month statute of limitations did not commence. Therefore, the City's motion to dismiss Pool's action as untimely under § 893.80(1g) was erroneously granted by the circuit court. Accordingly, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.